**FILED**
**Dec 19, 2019**
**10:16 AM(ET)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| **Grecia M. Ibarra,** | ) | **Docket No. 2019-01-0368** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Amazon Fulfillment Services, Inc.,** | ) | **State File No. 29413-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **American Zurich Insurance Company,** | ) | **Judge Audrey A. Headrick** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court held an Expedited Hearing on December 9, 2019, to determine whether Ms. Ibarra is likely to establish at trial that she is entitled to a panel of orthopedists. Amazon disputed her entitlement to a panel, asserting that Ms. Ibarra failed to provide timely notice, did not sustain an identifiable injury, and did not prove causation.[1] For the reasons below, the Court holds that Ms. Ibarra is entitled to a panel.

### History of Claim

Ms. Ibarra allegedly injured her low back while repetitively lifting heavy boxes and totes on or about September 15, 2018, while working for Amazon. Ms. Ibarra stated she complained weekly to her supervisor about the back pain in September as it worsened. Some days, Ms. Ibarra cried at work or missed work due to the pain. After reporting her injury, Ms. Ibarra received ice packs and heat pads from Amcare, Amazon's on-site medical clinic.[2] She did not receive a physician panel until April 23, 2019, after her supervisor's manager learned of her injury.

---

[1] The parties stipulated that Amazon timely submitted additional defenses to the mediator to include with the Dispute Certification Notice.

[2] Ms. Ibarra continued working at Amazon performing the same job duties; however, once weekly Amazon permitted her to work light-duty from September through November.

1

From the panel, Ms. Ibarra selected Dr. Natasha Ballard and saw her on April 29. She reported back pain for approximately six months from lifting heavy items at work, which worsened over time. Ms. Ibarra denied any history of back injury or family history of back problems. Dr. Ballard's notes reflected "[u]nknown causation" and "[w]ill refer to ortho for further evaluation." Approximately two weeks later, Ms. Ibarra received Amazon's letter denying her claim. In June, Dr. Ballard responded to a letter from Ms. Ibarra's counsel. When asked if she made the orthopedic referral to determine medical causation regarding Ms. Ibarra's claimed work injury, Dr. Ballard checked "yes."

After Amazon's denial, Ms. Ibarra sought emergency treatment in July for acute low-back pain.[3] The provider ordered a CT lumbar spine scan, which showed a mild broad-based disc bulge at L4-L5 and a mild central broad-based disc protrusion at L5-S1. The provider diagnosed a lumbar strain and prescribed pain medication and muscle relaxants. Other than some unsuccessful chiropractic treatment, Ms. Ibarra received no further treatment.

## Findings of Fact and Conclusions of Law

To prevail at an expedited hearing, Ms. Ibarra must show a likelihood of prevailing at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019). The Court holds she did.

### Defenses

Amazon raised lack of timely notice as a defense to Ms. Ibarra's claim. Tennessee Code Annotated section 50-6-201(a)(1) requires an employee to give written notice of a work injury "immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable" to an employer who has no actual notice. However, section 50-6-201(b)(1) requires an employee suffering from a gradual injury to provide notice within fifteen days after the employee: "(1) [k]nows or reasonably should know that the employee has suffered a work-related injury that has resulted in permanent physical impairment."

Here, Ms. Ibarra's unrebutted testimony is that she reported her gradual, work-related back pain to her supervisor in September. She credibly testified she continued reporting her ongoing back pain to her supervisor and received treatment at Amcare until she received a panel in April. The Court finds Amazon had actual notice of Ms. Ibarra's injury in September 2018 when she reported her injury to her supervisor and when Amazon modified her work activities. Since Amazon had actual notice of Ms. Ibarra's injury, its notice defense fails.

---

[3] Ms. Ibarra did not submit a complete copy of the provider's records. Instead, she provided an After Visit Summary, which included the CT lumbar spine test results.

Next, Amazon raised lack of an identifiable injury as a defense to Ms. Ibarra's claim. Tennessee Code Annotated section 50-6-102(13)(A)(1) defines an "accidental" injury as one "caused by a specific incident, or set of incidents, arising out of and in the course of employment, and is identifiable by time and place of occurrence." However, section 50-6-102(13)(C) recognizes cumulative trauma or repetitive motion conditions as accidental injuries if "such conditions arose primarily out of and in the course and scope of employment."

Amazon presented no proof contradicting Ms. Ibarra's description of events occurring in September 2018. Instead, Ms. Ibarra's unrebutted testimony is that she developed worsening back pain in September from repetitively lifting heavy boxes and totes. Therefore, the Court finds that she sustained a gradual injury at Amazon, identifiable by time and place. Thus, the Court holds Amazon's lack of identifiable injury defense fails.

*Causation*

The remaining question to be resolved is whether Ms. Ibarra appears likely to prove her low-back condition arose primarily out of her employment at Amazon, which caused the need for medical treatment. A causation opinion by Dr. Ballard, as panel physician, is "presumed correct[.]" Tenn. Code Ann. § 50-6-102 (14)(E). However, the Court finds that Dr. Ballard provided no opinion regarding causation. Thus, denying Ms. Ibarra's claim on the basis of lack of causation at this juncture is premature. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *17-19 (Mar. 27, 2015).

*Panel*

Regarding her request for the orthopedic referral, Dr. Ballard, her panel physician, referred Ms. Ibarra to an orthopedist. When the treating physician refers the employee to a specialist physician, the employer must either accept a specified physician or provide a panel of specialists within three business days unless it accepts a direct referral. Tenn. Code Ann. § 50-6-204(a)(3)(A)(ii). Since Dr. Ballard made no specific referral, Amazon must provide a panel of orthopedic specialists.

**IT IS, THEREFORE, ORDERED** as follows:

1. Amazon shall provide Ms. Ibarra an orthopedist panel for her back injury under Tennessee Code Annotated section 50-6-204.

2. This case is set for a Status Hearing on Wednesday, February 12, 2020, at 2:00 p.m. Eastern Time. The parties must call 423-634-0164 or toll-free at 855-383-

3

0001 to participate. Failure to call might result in a determination of the issues without the party's participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of its entry under Tennessee Code Annotated section 50-6-239(d)(3). Zurich must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED December 19, 2019.**

**AUDREY A. HEADRICK**
**Workers' Compensation Judge**

4

## APPENDIX

Exhibits:
1. Panel
2. Dr. Ballard's causation response
3. Rule 72 Declaration of Grecia Ibarra
4. Erlanger medical records

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Response in Opposition to Request for Expedited Hearing
5. Employer's Witness and Exhibit List

## CERTIFICATE OF SERVICE

I certify that a copy of this Expedited Hearing Order was sent as indicated on December 19, 2019.

| Name | Certified Mail | Email | Service sent to: |
|------|---------------|-------|------------------|
| Chris Markel, Employee's Attorney | | X | cmarkel@markelfirm.com |
| Tiffany Sherrill, Employer's Attorney | | X | tbsherrill@mijs.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

Employee _____

v.

Employer _____

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

Judge _____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

Type of Case [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**

Appellant (Requesting Party):_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐Employer ☐Employee

**Appellee's Address:** _____

**Appellee's Phone:** _____ Email: _____

**Attorney's Name:** _____ BPR#: _____

**Attorney's Address:** _____ Phone: _____

**Attorney's City, State & Zip code:** _____

**Attorney's Email:** _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____      2. Address: _____

3. Telephone Number: _____      4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation     $ _____ per month     Child Support     $ _____ per month

Car     $ _____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20 _____.

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)            RDA 11082